UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>PRINCE SHERRIFF OKAI )<br>Defendant. ) | Case No. 1:20-CR-114-12-WMR-CCB |

## DEFENDANT PRINCE OKAI'S SENTENCING MEMORANDUM

Comes now undersign counsel and submits this sentencing memorandum on behalf of Prince Sherriff Okai (hereafter Mr. Okai).

### A. General information

On July 7, 2020 Mr. Okai entered into a plea agreement to Count One of his indictment for his role in a conspiracy to launder money through and for fraudulent financial transactions initiated by others. The offense conduct in this case is accurately represented in the PSR. Mr. Okai was a part of, among many others recruited, to launder funds from various schemes to defraud businesses and individuals. He did not know the scope of others involvement as he was one of many

1

who were working for those committing the fraudulent schemes from which he was asked to launder some of the funds from those schemes. He has since learned of the full scope of the conspiracy and has regretted his involvement at all with these individuals.

**B. Plea Agreement.**

The PSR identifies relevant conduct of at least $3,500,000 million dollars establishing a guideline range pursuant to USSG 2S1.1 of level 8 plus 18 due to the amount of loss attached to Mr. Okai's conduct in association with others. (Loss associated with relevant conduct and foreseeability is actually $4,950,586.54). A two-level enhancement is also added for violation of 18 USC 1956 for his money laundering actions. This leaves an offense level of 28. Three points are deducted for acceptance of responsibility resulting in a final offense level of 25 with a criminal history score of I and guidelines of 57-71 months of incarceration.  In the plea agreement the government recommends that Mr. Okai be sentenced at the low end of the guideline range. The PSR states the conspiracy started in 2012 and ended sometime in 2020. (Mr. Okai joined the conspiracy after his discharge from his active full time military service).

### C. Sentencing considerations

Mr. Okai came forward early to resolve his participation in the offense. He admitted to setting up companies to help launder money for a ten percent fee. He admitted his conduct enabled the fraud schemes. Without hesitation Mr. Okai has taken full responsibility for his conduct.

18 U.S.C. § 3553 requires that the following factors be considered in imposing a sentence including the sentencing guidelines.

1. *The nature and circumstances of the offenses and the history and characteristics of the defendant.* (3553(1)).

   Mr. Okai has a criminal history score of I. He made a mistake in judgment to get a small benefit with substantial consequences. He will spend time in prison for the first time in his life and the last time he will engage in criminal conduct. His military service should speak to his ability to return to a law-abiding citizen.

2. *The need for the sentence imposed (3553(2)) to;*

a) *reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.* Mr. Okai has not served any time in custody and this is a wake up call to him and his family. His young son is a motivating factor to do better with the rest of his life. His respect for the law

was implanted in his life and from his Military service. He is ashamed that he dishonored both.

b) *to afford adequate deterrents for criminal conduct.* A sentence of 57 months is significant and will deter this defendant from further criminal conduct.

c) *to protect the public from further crimes of the defendant.* Mr. Okai has no interest in putting the public in jeopardy in any way. The sentence requested is sufficient but not greater than necessary to accomplish this goal.

d) *to provide the defendant with needed education, vocational training, medical care, or other correctional treatment in the most effective manner.* Mr. Okai will avail himself of all programs the Bureau of Prisons will offer to better himself for the future. He is already interested in retraining for HVAC services.

Each of the above factors are satisfied with a sentence at the lowest end of the PSR applicable guidelines. Mr. Okai is doing everything he can to address his conduct in this case in addition to taking full responsibility for his criminal actions. This speaks volumes to his character and willingness to leave behind any concerns for any repeat conduct to the offense or any other criminal liability.

Any jail time has collateral consequences for himself and his family. Mr. Okai has a young two year old son who will suffer from any jail time imposed. Mr. Okai will not be there for an extended period of time to raise and influence his sons early

development. This will be additional daily punishment and reminder to Mr. Okai of the consequences of his actions.

Attached for the courts convenience is a letter from Mr.Okai's sister who is presently serving in the military, (Exhibit A). Also attached is a letter from Mr. Okai to this Honorable Court, (Exhibit B). In this letter Mr. Okai expresses deep remorse for his conduct and a commitment to do better with his life.

**D. Military Service**

Mr. Okai served in the Army from 2011 to September of 2015. He was honorably discharged as Logistics Specialist and Paratrooper. He held a rank of E-4. After his discharge from the service, he entered the National Guard from the Summer of 2015 until December 2018. He served this country honorably. As a result of his service he has had physical difficulties due to jumping out of airplanes (over 57 times) as a paratrooper but he is able to recover when experiencing back pain with the use of over the counter pain relief medications such as Ibuprofen. This information appears in the PSR. He has also been diagnosed with PTSD during his service period but is as of now not on any medication.

To serve in our military is a significant sacrifice. It is also a means for the court to apply significant mitigation for sentencing purposes. Mr. Okai is not asking for a sentence below the guidelines based on his plea agreement however, his service to this country should support a sentence no greater than 57 months. (See for

example USSG 5H1.11 authorizing departure mitigation for military and other community service).

### E. Sentencing Request

First, there are no unresolved objections to the PSR. Second, Mr. Okai's criminal history score is at level I indicating he is a defendant worthy of a second chance.

**Based on all the above and the information contained in the PSR it is respectfully requested that this Honorable Court impose a sentence of 57 months with the following recommendations:**

1. That the Court would recommend the Federal Prison Camp at Montgomery Alabama, Maxwell Airforce Base, to serve his sentence if eligible. (Mr. Okai understands that the BOP will make the final determination of what facility he should be designated to however a court recommendation is considered). This facility has a welding classes and HVAC classes something Mr. Okai would like to do in helping find a suitable profession upon release.

This 4th Day of January 2021.

Respectfully Submitted,

/s/ Marcia Shein

Georgia Bar No. 639820
Federal Bar No. 53667
Law Firm of Shein & Brandenburg
2392 North Decatur Road
Decatur, GA 30033
(404) 633-3797
(404) 633-7980 (fax)
marcia@msheinLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Response has been electronically filed via the CM/ECF system, which will electronically serve a copy of this Notice to AUSA John Russell Phillips at russell.phillips@usdoj.gov and AUSA Kelly Kathleen Connors at kelly.connors@usdoj.gov .

This 4th day of January 2021.

                                            Respectfully Submitted,

/s/ Marcia Shein
Georgia Bar No. 639820
Federal Bar No. 53667
Law Firm of Shein & Brandenburg
2392 North Decatur Road
Decatur, GA 30033
(404) 633-3797
(404) 633-7980 (fax)
marcia@MSheinLaw.com